**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBBIE RASPALDO,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3340** |
| | : | |
| **WILMINGTON TRUST COMPANY,** | : | |
| ***et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**KENNEY, J.** **August 28, 2026**

Plaintiff Debbie Raspaldo commenced this civil action by filing a *pro se* Complaint, naming as Defendants the Wilmington Trust Company and PHH Mortgage.[1] (ECF No. 2, hereinafter "Compl.") Using legal jargon of the type generally associated with "sovereign citizens," she challenges a nonjudicial foreclosure of real property in Philadelphia, Pennsylvania, in which she claims an interest, contending that the mortgage was invalid when it was created on account of the Federal Reserve Act. (*Id.*) For the following reasons, the Court will grant Raspaldo leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915.

## I. FACTUAL ALLEGATIONS[2]

The facts in Raspaldo's Complaint are brief and, at times, difficult to understand. She states that her late husband executed a mortgage for $113,000 in connection with real property at 433 Hellerman Street, Philadelphia, Pennsylvania 19111. (Compl. at 5.) Raspaldo states that she

---

[1] She also names as Defendants "all persons or entities claiming any interest in the subject property." (Compl. at 1.)

[2] The facts set forth in this Memorandum are taken from Raspaldo's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

owns a fee simple interest in the property. (*Id.* at 3.) At some undisclosed time, Defendants initiated nonjudicial foreclosure proceedings against the property and sent Raspaldo correspondence "asserting creditor status and claiming an outstanding debt obligation." (*Id.*) Defendants also recorded a notice of default, claiming that Raspaldo defaulted on the mortgage. (*Id.* at 7.) Raspaldo claims, however, that the foreclosure proceeding is unlawful because any mortgage obligation was "extinguished" when it was created pursuant to the Federal Reserve Act. (*Id.* at 5-7.) According to Raspaldo, under the Federal Reserve Act, the note was allegedly deemed a "congressionally designated security" that was "received at par" by Wilmington Trust Company and thus satisfied. (*Id.*) On May 11, 2026, Raspaldo sent an "authenticated request under state commercial session laws" for an "authenticated accounting" of the alleged debt. (*Id.* at 6.) Defendants did not produce any accounting. (*Id.*)

Based on these allegations, Raspaldo asks the Court to declare the nonjudicial foreclosure proceeding unlawful, to direct Defendants to produce an authenticated accounting, and to issue an injunction against any further foreclosure proceedings. (*Id.* at 8-9.) The Court understands Raspaldo to also assert Fifth Amendment constitutional claims under 42 U.S.C. § 1983 and claims under the Fair Debt Collection Practices Act ("FDCPA"), since she makes reference to "Pub. L. 95-109 § 808(6) – 91 Stat. 874." (Compl. at 9).[3]

## II. <u>STANDARD OF REVIEW</u>

The Court will grant Raspaldo's motion for leave to proceed *in forma pauperis*. Accordingly, her Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a

[3] Raspaldo also appears to assert other sovereign-citizen-like claims, none of which have any basis in the law.

claim. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As Raspaldo is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Raspaldo attempts to thwart nonjudicial foreclosure proceedings initiated by Defendants. Raspaldo's claim is based on her own perplexing interpretation of intertwining laws and regulations, such as the Federal Reserve Act, the Emergency Banking Relief Act, the Restatement 3rd of Agency, the Restatement (2nd) of Contracts, the Uniform Commercial Code, and the Federal Reserve Operating Circular No. 10 § 12.3. (Compl. at 5–6.) As best as the Court can discern from the Complaint, Raspaldo claims that the mortgage debt assumed by her late husband was satisfied by virtue of Wilmington Trust Company's receipt of the promissory note because, under the Federal Reserve Act, "notes procured by Federal Reserve banks" are "receivable at par," which "extinguishes the underlying obligation." (*Id.* at 5.) Raspaldo's claim and argument is rejected as frivolous. Even if the Court were to accept Raspaldo's interpretation of an obscure provision of the Federal Reserve Act, the argument makes little sense because Wilmington Trust Company is not a Federal Reserve bank.

In any event, Raspaldo's argument is predicated on sovereign-citizen-style arguments and concepts that courts have summarily rejected as frivolous. *See Ewans v. New Jersey*, No. 25-1368, 2025 WL 2630569, at *1 (3d Cir. Sept. 12, 2025) (summarily affirming dismissal of complaint

"replete with sovereign-citizen-like legal jargon"); *Washam v. Superintendent Dallas SCI*, No. 21-3073, 2022 WL 1402054, at *1 (3d Cir. May 4, 2022) (affirming dismissal, without leave to amend, of complaint composed "largely of frivolous Sovereign-Citizen-like arguments and legal jargon that was by turns inapposite and indecipherable").

Courts consistently reject similar attempts by "sovereign citizens" to avoid their mortgage debt. *See e.g.*, *Traore v. Planet Home Lending, LLC*, No. 25-4767, 2025 WL 2792127, at *2 (E.D. Pa. Sept. 30, 2025) (rejecting claims that attempt to extinguish a lawful and legitimate debt as "rooted[ed] in sovereign citizen ideology") (citation omitted); *Thomas v. Servbank*, No. 23-223, 2023 WL 9226936, at *7 (S.D. Ala. Dec. 7, 2023) ("Thomas' complaint and other filings (through which he is trying to extinguish his mortgage debt using a convoluted and nonsensical legal theory) bear several hallmarks of the sovereign citizen movement and the redemptionist legal theories"); *report and recommendation adopted*, 2024 WL 313623 (S.D. Ala. Jan. 25, 2024); *Casanova v. Willow Bend Mortg. Co*., No. 24-841, 2024 WL 1976593, at *2 (N.D. Tex. Apr. 5, 2024) (rejecting claims to prevent a foreclosure sale that "relies on sovereign citizen theories of liability" and references statutes such as the Federal Reserve Act), *report and recommendation adopted*, 2024 WL 1980732 (N.D. Tex. May 3, 2024); *Demmler v. Bank One NA*, No. 05-322, 2006 WL 640499, at *3 (S.D. Ohio Mar. 9, 2006) (rejecting as "patently ludicrous" argument that mortgage foreclosure attempts were unlawful because promissory note given to bank was "void ab initio" as lacking in consideration); *Young v. PNC Bank, N.A*., No. 16-298, 2018 WL 1251920, at *2 n.1 (N.D. Fla. Mar. 12, 2018) (noting that the plaintiff's attempt to extinguish a lawful and legitimate debt under a bizarre legal theory bore the hallmarks of a sovereign-citizen theory).

Raspaldo's Fifth Amendment claim must be dismissed as similarly based on frivolous sovereign-citizen-like arguments. Raspaldo asserts that Defendants violated her Fifth Amendment

property rights by declaring they had the authority to sell the property "without an authenticated enforceable obligation." (Compl. at 9.) In addition to Raspaldo's meritless contention that Defendants lack an enforceable debt on account of the Federal Reserve Act, Defendants are not state actors subject to liability under § 1983 for a constitutional violation. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Wilmington Trust Company is a private bank, and PHH Mortgage is a private mortgage servicer and lender. They are not state actors. *See Bailey v. Harleysville Nat'l Bank & Tr.*, 188 F. App'x 66, 68 (3d Cir. 2006) (*per curiam*) (concluding that a bank is not a state actor and stating that "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment" (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 350 (1974))); *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 297 (E.D.N.Y. 2024) (dismissing § 1983 claims against mortgage servicer and loan servicer as they were "private entities, not state actors").[4]

[4] The claim is also baseless on its merits. "The Takings Clause of the Fifth Amendment provides that 'private property shall not be taken for public use, without just compensation.'" *Nat'l Amusements Inc. v. Borough of Palmyra*, 716 F.3d 57, 63 (3d Cir. 2013) (quoting U.S. Const. amend. V); *see also Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2170 (2019). Nothing in Raspaldo's Complaint suggests that the property subject to foreclosure was taken by the government or intended for public use. *See Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 715 (2010) ("[T]he Takings Clause bars the *State* from taking private property without paying for it."); *Carley v. Saalwaechter Inc.*, No. 24-03396, 2025 WL 2881460, at *6 (S.D. Tex. Aug. 25, 2025) (dismissing Fifth Amendment takings claim because defendants were non-governmental entities who foreclosed on property for private, not public, use).

Raspaldo's FDCPA claim also fails for the same reason. Under § 1692f(6), a debt collector may not take or threaten "to take any nonjudicial action to effect dispossession or disablement of property" if, as relevant here, "there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). Raspaldo's § 1692f(6) claim is based on the same faulty assumption: that because the "obligation is extinguished," the "security interest is not enforceable." (Compl. At 9). As explained above, Raspaldo's claim that the mortgage obligation was "extinguished" when the Wilmington Trust Company received the mortgage note "at par" finds no support in the law.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Raspaldo's Complaint is factually and legally baseless and must be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Leave to amend would be futile. An appropriate Order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**